UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

DIMITRI JACQUES, an Individual

    Plaintiff,

v.

CITY OF FORT LAUDERDALE, a political subdivision of the State of Florida,

    Defendant.

**COMPLAINT**

## Introduction

1. Plaintiff, DIMITRI JACQUES, ("Jacques") sues Defendants, CITY OF FORT LAUDERDALE, ("the City") for race discrimination in their practices, which subjected Jacques to intentional discrimination and disparate treatment.

## Jurisdiction and Parties

2. This is an action for damages. Plaintiff, DIMITRI JACQUES, brings this lawsuit for discrimination pursuant to 42 U.S.C. Section 1981; 42 U.S.C. Section 1983, and the Fourteenth Amendment to the Constitution of The United States.

3. Jacques is a natural person, *sui juris*, who is a resident of the State of Florida and resides in Broward County, Florida.

4. Defendant, CITY OF FORT LAUDERDALE is a municipality incorporated in the State of Florida.

5. At all times material hereto, Jacques was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02 (10).

6. Fort Lauderdale employs more than 15 employees and is Jacques' employer within the meaning of FCRA, Fla. Stat. § 760.02(7); and Civil Rights Act of 1964, 42 U.S.C §2000e (b).

7. At all times during his employment relationship with Defendant, Jacques was Defendant's "employee" as defined by FCRA, Fla. Stat. § 760.02 et seq.; and Civil Rights Act of 1964, 42 U.S.C. §§ 2000e (f).

8. This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C.§1332, 28 U.S.C. §1343(3) and (4) and 28 U.S.C. §1367(a) and 29 U.S.C. §216 (b).

9. Venue is proper under 28 U.S.C. § 1391(b) because all of the discriminatory acts complained of by Jacques occurred within this judicial district and because Fort Lauderdale is located within this judicial district.

10. All conditions precedent have been satisfied, waived or excused before the filing of the instant lawsuit.

## General Allegations

11. Plaintiff, DIMITRI JACQUES, is a black male, and was employed as a police officer with Defendant, CITY OF FORT LAUDERDALE ("the City" or "Fort Lauderdale") from 2012 to 2017.

12. Jacques worked as a police officer for over 12 years, and was an exemplary officer with an excellent record.

13. Throughout his 5 years working for the City, Jacques noticed that black officers were disciplined more harshly and frequently than white officers.

14. In 2015, Fort Lauderdale was told that Jacques was allegedly performing security services for rap artists Meek Mills and Rick Ross while he was off duty.

15. Jacques was accused by the City of falsifying his time reporting during the times he was off duty, to collect payment for time that he was not actually working, which resulted in criminal charges of theft.

16. The allegations were investigated by the office of the State Attorney which found that no theft was committed, as Jacques had always timely communicated to his supervisor that he would be missing work, and his absences had not cost the City any money. The State Attorney therefore closed the criminal investigation in 2017.

17. Unsatisfied with the fact that Jacques was cleared of criminal charges, Fort Lauderdale next launched an Internal Affairs (IA) investigation against Jacques.

18. Jacques was charged with violating police department policies essentially for not being truthful about the reason he was taking off work and for performing bodyguard services without the City's permission.

19. Jacques explained at length that he was friends with the artists and provided infrequent security consulting, not the prohibited bodyguard services he was being accused of, and that the artists were kind enough to pay him for his services to supplement his income, as they knew that he had overwhelming expenses due to the care needed for his chronically ill child.

20. Despite his thorough explanation, Fort Lauderdale decided that Jacques' statements and his affiliation with the artists were egregious offenses that somehow warranted termination.

21. Jacques was suspended for 20 days and then terminated on January 18, 2018 by Fort Lauderdale under the pretense that Jacques' actions were egregious offenses warranting termination.

22. The discipline meted out to Jacques was harsh, excessive and unnecessary, ruining his 12-year career as a police officer.

23. Oppositely, other white officers who were found by IA investigations to have violated department policies, and in many cases had committed actual crimes, were not disciplined as harshly and were allowed to keep their jobs.

24. It is clear that Jacques was treated more harshly than the white officers due to his race. Jacques was punished more severely by the City than his white peers with similar or more serious offenses.

25. Fort Lauderdale's custom and practice of disciplining black officers more harshly than white officers is discriminatory disparate treatment.

26. Fort Lauderdale intentionally discriminated against Jacques by meting out a harsher punishment because he is black.

27. As a result of the discrimination of Fort Lauderdale, Jacques has suffered emotional and financial damage.

**Count I – Race Discrimination**
(In Violation of 42 U.S.C. § 1981)

28. Plaintiff incorporates and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiff was treated differently than others who were not black, with regards to the compensation, terms, conditions, and privileges of his contractual employment relationship when he was suspended and then terminated.

30. Defendant's treatment of Plaintiff was unlawful discrimination in violation of 42 U.S.C. § 1981.

31. As a direct and proximate result of the foregoing, Plaintiff suffered and continues to suffer severe emotional and financial damages.

32. As a result of Defendant's actions, Plaintiff was forced to retain the undersigned counsel to file this action.

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Assume jurisdiction of this cause of action and the parties;

b. Issue a judgment declaring and finding that Defendant's actions, practices and procedures as stated above constitute race discrimination in violation of Plaintiff's rights as secured by 42 U.S.C. § 1981;

c. Order Defendant to make Plaintiff whole, as he was adversely affected by the activities described herein, by providing appropriate lost wages, back pay, compensatory damages, mental anguish, and loss of dignity pursuant to 42 U.S.C. § 1981;

d. Enter an award and judgment for attorney's fees and costs, and all other further relief that this Court deems necessary and proper.

**Count II – Race Discrimination**
(In Violation of 42 U.S.C. § 1983 and the Fourteenth Amendment)

33. Plaintiff incorporates and realleges paragraphs 1 through 27 as though fully set forth herein.

34. Plaintiff was subjected to a hostile work environment because of his race, that ultimately ended in his termination.

35. Defendant had a policy and custom of treating black officers more harshly than white officers, with regards to the compensation, terms, conditions, and privileges of their employment.

36. Defendant's policy and custom of treating black officers more harshly than white officers was a practice and course of conduct that was so persistent, widespread, and repetitious that Defendant's policymaker, the Chief of Police knew or should have known of it.

37. Defendant's policy and custom of treating black officers more harshly than white officers created the hostile work environment.

38. Defendant's policy and custom of treating black officers more harshly than white officers was unlawful discrimination in violation of the Fourteenth Amendment of the United States Constitution.

39. As a direct and proximate result of the foregoing, Plaintiff suffered and continues to suffer severe emotional and financial damages.

40. As a result of Defendant's actions, Plaintiff was forced to retain the undersigned counsel to file this action.

WHEREFORE, Plaintiff respectfully requests that this Court:

e.  Assume jurisdiction of this cause of action and the parties;

f.  Issue a judgment declaring and finding that Defendant's actions, practices and procedures as stated above constitute race discrimination in violation of Plaintiff's rights as secured by 42 U.S.C. § 1983 and the Fourteenth Amendment;

g.  Order Defendant to make Plaintiff whole, as he was adversely affected by the activities described herein, by providing appropriate lost wages, back pay, compensatory damages, mental anguish, and loss of dignity pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment;

h.  Enter an award and judgment for attorney's fees and costs, and all other further relief that this Court deems necessary and proper.

## DEMAND FOR JURY TRIAL

Plaintiff DIMITRI JACQUES hereby demands a jury trial as to all issues triable by a jury.

Dated September 4, 2019.

>Respectfully submitted,
>The Harris Law Firm Group, P.A.
>201 South Biscayne Blvd., Suite 2700
>Miami, Florida 33131
>Tel.:   305.536.6131
>Fax.:   305.536.6130
>
>By:   **/s/Robert N. Harris**
>Robert Newton Harris, Esq.
>Fla. Bar. No.: 87671
>robert@harrislawinfo.com